THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ROBERT BOYATT,<br><br>               Plaintiff,<br><br>v.<br><br>GEORGE WRIGHT et al.,<br><br>               Defendants. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE**<br><br>Case No. 2:24-cv-00074-RJS<br><br>Chief District Judge Robert J. Shelby |

Having screened Plaintiff's *pro se* prisoner civil-rights Complaint[1] under its statutory review function,[2] the court first proposes to dismiss this action because Plaintiff fails to state a claim upon which relief may be granted. The court then considers Plaintiff's Motion for Appointment of Counsel and denies the Motion.[3]

### FAILURE TO STATE A CLAIM

Plaintiff's civil rights Complaint states a cause of action under 42 U.S.C. § 1983[4] and names as defendants George Wright and Richard Mauro, both public defenders apparently

---

[1] ECF 5.

[2] The screening statute, 28 U.S.C. § 1915A, reads:
    (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

[3] ECF 6.

[4] 42 U.S.C. § 1983 reads:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

involved in Plaintiff's state criminal proceedings.[5]  Plaintiff alleges Defendants have withheld discovery from him and "coerce[d him] into deals."[6]

## I. Standard of Review

When deciding if a complaint states a claim upon which relief may be granted, the court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff.[7]  Dismissal is fitting when, viewing those facts as true, the court sees that the plaintiff has not posed a "plausible" right to relief.[8]  Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief.[9]  When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions "conclusory and not entitled to" an assumption of truth.[10]  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[11]

The court construes *pro se* "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual

---

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[5] ECF 5.

[6] *Id.*

[7] *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

[10] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

[11] *Red Hawk*, 493 F.3d at 1177 (italics in original).

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[13] Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant."[14] Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[15]

**II. State-Actor Requirement**

To state a cause of action under 42 U.S.C. § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.[16] "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'"[17] And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'"[18]

---

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (cleaned up).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

[15] *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (cleaned up).

[16] *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[17] *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

[18] *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)).

The court thus proposes to dismiss Defendants on the basis that they are not state actors for purposes of § 1983.

## MOTION TO APPOINT COUNSEL

The court now addresses Plaintiff's Motion for the court to ask volunteer counsel to represent Plaintiff free of charge.[19]  Plaintiff has no constitutional right to counsel.[20]  However, the court may in its discretion appoint counsel for indigent plaintiffs.[21]  Plaintiff bears the burden of convincing the court that Plaintiff's claim has enough merit to warrant appointment of counsel.[22]

In deciding whether to ask volunteer counsel to represent Plaintiff free of charge, this court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[23]  Considering the above factors, the court concludes here that Plaintiff's claims are not colorable, the issues in this case are not complex, and Plaintiff does not appear at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the court denies Plaintiff's Motion for appointed counsel.

---

[19] *See* ECF 6.

[20] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[21] *See* 28 U.S.C.S. § 1915(e)(1) (2024); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[22] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[23] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

**CONCLUSION**

For the foregoing reasons, the court ORDERS as follows:

1. Within thirty days, Plaintiff must SHOW CAUSE why his Complaint[24] should not be dismissed for failure to state a claim upon which relief may be granted.[25]

2. Plaintiff's Motion for appointed counsel is DENIED.[26]

DATED this 16th day of July 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[24] ECF 5.

[25] *See* 28 U.S.C. § 1915(e)(2)(B).

[26] ECF 6.